UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH, DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2012 JUN 27 AM 9:51
CLERK_____
SO. DIST. OF GA.

Keith G. Coleman,  )
  Plaintiff/ Petitioner )
  )
-vs- ) Case No. CR497-181
  ) CV412-170
UNITED STATES OF AMERICA, )
  Respondent/Defenadant )

## OBJECTIONS TO THE MAGISTRATE'S
## REPORT AND RECOMMENDATIONS

Comes now the Plaintiff/Petitioner Keith G. Coleman(hereinafter—"Coleman") in response and objections to the Magistrate's Report and Recommendations(R&R). Here, Coleman moved this Court for relief pursuant to Title 28 U.S.C. § 2255(f)(3), in light of the Supreme Court's holding in Missouri v. Frye, 132 S.Ct. 1399, 182 L. Ed. 2d 379; 2012 LEXIS 2321; Lafler v. Cooper, 132 S.Ct. 1376; 182 L.Ed. 2d 398; 2012 LEXIS 2322; and Depierre v. United States, 131 S.Ct. 2255; 180 L.Ed. 2d 114; 2011 LEXIS 4374. The Magistrate has recommended the petition be dismissed without prejudice. In contrast, Coleman enlarges his objections. Coleman further prays this Court construes his pro se pleading liberally as explained in Haines v. Kerner, 404 US 519(1972).

In sum, the Magistrate recommends that Coleman quest for relief be dismissed without prejudice, as a second and successive motion, holding: "Coleman must first 'move in the appropriate court of appeals for an order authorizing the district court to consider the application," 28 U.S.C. § 2244(b)(3)(A); see § 28 U.S.C. 2255(h). Therefore, the Magistrate states this Court must dismiss Coleman's petition without awaiting any response from the government, citing Levert v. United States, 280 F. App'x 936(11th Cir. 2008).

In contrast, Coleman argues the Magistrate's R&R employs 28 U.S.C. §2244 (b)(3)(A), a general procedural bar for defendant(s) who have previously sought collateral relief via §2255, but, made no reference to the contents of the petition, in light of § 2255(f)(3). In so doing, the Magistrate employed the rule without regard to the exception. In opposite, a more analytical review reveals, the text of the petition follows the exception within the rule via § 2255(f)(3),which plainly states:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of---
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

As distinguished in Dodd v. United States, 545 U.S. 353. 162 L.ed. 2d 343, 125 S.Ct. 2478,(One-year limitation period for federal prisoner's motion for relief from.....sentence[conviction], under §2255 on basis of newly recognized right held to begin when right recognized, rather than when right made retroactive.) However, the Magistrate's R&R directs Coleman to §2255(h)[§2244], and recommends denial of use of the "All Writs Act" pursuant to 28 U.S.C. 1651(a) on the premises that Coleman did not attempt to apply for relief under §2244(b)(3)(A). Coleman contends such an attempt under that section would be futile, because that section,[§2255(h) via §2244(b)] would only apply if the claim was based

upon...."a new rule of constitutional law, 'made retroactive' to cases on collateral review by the Supreme Court, that was previously unavailable," see Triestman v. United States, 124 F3d 361(2nd Cir. 1997) and explained again in Dodd supra. For such reasons as stated, Coleman made no attempt to assail a second and successive application pursuant to §2244(b). See (Magistrate R&R FN 1). Clearly, [w]hen a Petitioner raises a claim that could not have been raised in a prior habeas petition, courts have forgone a literal reading of 'second or successive,' for the purposes of §2255(h), see Stewart v. United States, 2011 U.S. App. LEXIS 14386, at 10(11th cir. 2011)(unpublished opinion) (Citing Singleton v. Norris, 319 F3d 1018, 1023(8th Cir. 2003)(en banc)).

Claims based on a factual predicate not previously discoverable are successive, 'but' [i]f....the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the latter petition based on that defect may be non-successive, Id.(quoting Garcia v. Quarterman, 573 F3d 214,221-22(5th Cir. 2009)). In other words, a defendant(s) petition is not necessarily successive solely because he 'again' collaterally attacks the constitutionality of [his] conviction and or sentence.

Assuming arguendo,(without agreeing), that there is uncertainty as to the nature of the remedy chosen, at least on behalf of the accused, this Court should 'act' in doing justice if the record makes plain, as here, a right to relief, United States v. Morgan, 346 U.S. 502, 98 L.Ed. 248, 74 S.Ct. 247(1954). Undoubtedly, 28 U.S.C. § 1651(a) "All Writs Act," is generally limited to cases such as Coleman's where, "absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues," see Triestman supra. Also see United States v. Richter, 510 F3d 103, 104,(2nd Cir. 2007).

In no uncertain terms, the record makes plain, the error Coleman alleged

3

is "of fundamental character." To be sure; it is well-settled that a jurisdictional prerequisite to the power of federal courts to deprive an accused of his life or liberty is that the accused not only be aware of [h]is constitutional right to counsel, but pursuant to the Sixth Amendment, that right extends to adequate and competent assistance of counsel in the criminal process at "critical stages," see Montejo v. Louisiana, 566 U.S. 778, 786, 129 S.Ct. 2079, 173 L. Ed 2d 955 (2009)(quoting United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926 (1967)). The supreme Court has expressly stated, " a federal court which fails to comply with these requirements has not completed its jurisdiction to exercise its power and any judgment pronounced by such a court is void," Johnson v. Zerbst, 304 U.S. 458, 82 L.Ed. 1461, 58 S.Ct. 1019.

The demands of the Constitution, as envisaged by the Supreme Court, have moved federal courts to acknowledge that due process requires corrective judicial process in the nature of usage of the "All Writs Acts" pursuant to 28 U.S.C. § 1651(a) be available to expunged a void judgment when all other avenues of judicial relief are unavailable, see Pickett v. Legerwood, (US) 7 Pet 144, 147, 8 L.Ed. 638; Phillip v. Negley, 117 US 665, 29 L.Ed 1013, 6 S.Ct.901.

It cannot fairly be disputed by the facts——on and outside of the record——that Coleman did not received the benefit of adequate and competent counsel as required by the Federal Constitution's Sixth Amendment, see Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984), in the criminal process at critical stages, Montejo supra., as discovered and explained in Missouri v. Frye, 132 S.Ct. 1399 (2012) and Lafler v. Cooper, 132 S.Ct. 1376(2012), see § 2255 (f)(3). Therefore, this Court has not completed its jurisdiction requirement to exercise its power, hence, any judgment pronounced must be void, Power v. Alabama, 287 U.S. 45, 77 L.Ed. 158, 53 S.Ct. 55; Strickland supra.

4

At bottom, it is by this Court's own concession, evidenced by signatures of almost every federal judge in the Southern District of Georgia (Sav. Div.) not limited to the signing for the Honorable Judge B. Avant Edenfield, unanimously declaring Coleman's attorney of record (Joyc M. Griggs) incompetent to practice federal law in this Court, plainly, establishing her history of incompetency in every advent before this Court. There is absolutely no indication that she somehow veered from her history in the instant case. She has exhibited her constitutional failures here, just as in other cases before this court, such as: " she was untruthful to Coleman about her knowledge concerning the federal drug laws as well as relevant federal statutes as displayed in the relevant exhibits,"[see §2255(f)(3)]. Griggs failed to inform Coleman of the deadline during the ple-bargaining process, or make him aware of a plea offer. Her history of untruthfulness and disregard for Court procedures as well as the interest of her clients named by this court is evidentiary of her conduct in the instant case.

It is note-worthy, this Court has entertained cases against Griggs regarding the defendant(s) loss of property as a result of her incompetence. Oddly, Coleman's loss of liberty or life, at this point of the litigation has not been enough to concern a remedy for judicial correction of the same attorney's incompetency, whereas in this society, life and liberty must and is said far out-weigh the value of property. Hence, there should be a greater concern for an obvious miscarriage of justice. On the basis of history and reason, a remedy must be made available for judicial correction in this instance. The Constitution and the Bill of Rights creates and deploys the "All Writs Act," pursuant to 28 U.S.C. 1651(a) to fulfill the ends of fairness and practicality in the administation of federal criminal justice. No Court could consciously choose to ignore [Griggs] incompetency in this case, while simultaneouslye

5

maintaining the integrity of law. Clearly, the Magistrate's R&R falls squarely outside the bounds of the correct procedure for Coleman's claimed error.

Accordingly, this Court should allow Coleman to proceed on the merits of [his] petition under §2255 (f)(3) or invoke its judicial discretion pursuant to the "All Writs Act," under 1651(a).

Respectfully Submitted

*[signature]*

Keith G. Coleman
Reg. No. 09587-021
PO Box 699
Estill, SC 29918-0699

CERTIFICATE OF SERVICE

I, Keith G. Coleman, hereby certify and declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746 that i ahve served a true and correct copy of the following:

OBJECTION TO THE MAGISTRATE'S REPORT AND RECOMMENDATIONS

which was deemed filed at the time it was delivered to prison authorities for forwarding, Houston v. Lack, 101 L. Ed. 2d 245 (1998), upon the defendant(s) and his/her attorney(s) of record, by placing the same in a sealed, postage prepaid envelope addressed to:

Clerk of Court
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH, DIVISION
PO BOX 8286
SAVANNAH, GEORGAIA 31412

and deposited the same in the United States Postal Mail at Federal Correctional Institution, Estill S.C. on this 18th day of June ,2012.

/s/ Keith G. Coleman
Reg. No. 09587-021
PO Box 699
Estill, SC 29918-0699

Coleman, Keith
Reg. # 09587-021
Federal Correctional Institution
PO Box 699
Estill, SC 29918
United States







⇔09587-021⇔
United States
District Court
PO BOX 8286
Savannah, GA 31412
United States